UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKIL FOLBORG,

                            Plaintiff,

            -against-

LIEUTENANT BLOT; SERGEANT JOHN
DOE: OFFICER JOHN DOE: ROBERT
BENTIVEGNA: NURSE JANE DOE,

                            Defendants.

24-CV-8913 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility and acting *pro se*, brings this action under 42 U.S.C. § 1983, asserting claims arising from the use of chemical spray on November 9, 2021, at Green Haven. (Doc. 1, "Compl."). By order dated January 17, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] (Doc. 7).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint brought IFP, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475, has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

A.    Claims against Nurse Jane Doe and Medical Director Bentivegna

Plaintiff alleges that Nurse Jane Doe was part of the medical response team that arrived at Green Haven's F-Block, 4-Company, on November 9, 2021, after chemical spray was used. She is alleged to have "unsuccessfully carried out her duties . . . ." (Compl. at 3, ¶ 8). Plaintiff further alleges that Robert Bentivegna was the medical director at Green Haven at the time of the events giving rise to these claims and that he was "responsible for ensuring proper training of his staff . . . ." (*Id.* at 2, ¶ 6). Plaintiff asserts claims against Defendants Bentivegna and Nurse Doe for deliberate indifference to his serious medical needs. (*Id.* at 8, ¶ 23).

To state a Section 1983 claim for deliberate indifference to a serious risk of harm, in violation of the Eighth Amendment to the United States Constitution, a plaintiff must plead facts establishing an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting

*Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (holding that the objective component requires a plaintiff to "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health") (internal quotation marks and citation omitted).

The subjective component requires a plaintiff to show that a defendant official acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). A convicted prisoner, whose claims arise under the Eighth Amendment, must allege that the medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and facts showing that the medical professional actually drew the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). An inadvertent or negligent failure to provide adequate care is insufficient to state a constitutional claim. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

A plaintiff bringing a Section 1983 against an individual in a personal capacity must also allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). "[F]or deliberate-indifference claims under the Eighth Amendment against a prison supervisor, the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020).

Plaintiff's allegation that Nurse Jane Doe "unsuccessfully carried out her duties" (Compl. at 3, ¶ 8), in connection with the events on November 9, 2021, is insufficient to state a claim for deliberate indifference. Plaintiff does not allege facts about what Nurse Doe did or failed to do that violated his rights, and this allegation is inadequate to plead that she had a "sufficiently culpable state of mind." *Nielsen*, 746 F.3d at 63.

Plaintiff also does not plead facts sufficient to state a claim against Green Haven's former medical director, Robert Bentivegna. The allegation that Defendant Bentivegna failed to ensure proper training of staff is insufficient to plead that Defendant "had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Tangreti*, 983 F.3d at 616. Training failures can constitute deliberate indifference where supervisors continue to "adher[e] to an approach that they know or should know has failed to prevent tortious conduct by employees," or where the need for further training has been made "plainly obvious." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997) (citations omitted). Plaintiff does not allege facts showing that Defendant Bentivegna personally had subjective knowledge of a substantial risk of serious harm – either because he was aware of a specific potential harm to Plaintiff or because he was aware of facts showing the need for further training. Plaintiff's Section 1983 claims against Defendants Nurse Doe and Bentivegna are therefore dismissed for failure to state a claim on which relief can be granted, without prejudice to Plaintiff's repleading these claims.

Because Plaintiff does not plead sufficient facts about what Nurse Doe and Bentivegna did or failed to do, he also does not state a claim against these defendants arising under state law. Plaintiff's state law claims against these defendants are therefore also dismissed, without prejudice to repleading.

B.    <u>Service on Lieutenant Blot</u>

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Lieutenant Blot through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for this defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.    <u>Identifying Doe defendants</u>

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff, in the complaint, supplies sufficient information to permit the New York State Department of Corrections and Community Supervision (DOCCS) to identify the John Doe Correction Officer and John Doe Sergeant referred

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

to in the complaint as having been present during the cell "extraction" on November 9, 2021, at Block F, Company 4, at Green Haven Correctional Facility. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the DOCCS, must ascertain the identity of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

The Court will deem the complaint amended once the John Doe Defendants are identified. If identified, the Court will issue a subsequent order of service directing the Clerk of Court to complete the USM-285 form with the address for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

D.    Automatic Discovery

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

**CONCLUSION**

The Court dismisses Plaintiff's claims against Defendant Bentivegna and Nurse Jane Doe, without prejudice to Plaintiff's repleading these claims in any amended pleading that Plaintiff may

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

be authorized, under Rule 15 of the Federal Rules of Civil Procedure, to file. The Clerk of Court is directed to terminate these defendants on the docket.

The Clerk of Court is further instructed to issue a summons for Lieutenant Blot, complete the USM-285 form with the address for Defendant Blot, and deliver to the U.S. Marshals Service all documents necessary to effect service on Defendant Blot.

The Clerk of Court is also directed to mail: (1) an information package to Plaintiff; and (2) a copy of this order and the complaint to the New York State Attorney General at the following address: Office of the New York State Attorney General 28 Liberty Street, 16th Floor, New York, NY 10005.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:    White Plains, New York
          January 21, 2025

_____
PHILIP M. HALPERN
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.    Lieutenant Blot
      Green Haven Correctional Facility
      594 Route 216
      Stormville, New York 12582-0010